Robert N. Phillips (SBN 120970)
Lisa S. Buccino (SNB 205266)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
T: (415) 848-4900
F: (415) 848-4999

Attorneys for Defendants
THE GAP, INC. and OLD NAVY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT E, INC., a corporation, | Case No. C 07-2280 (CRB) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| THE GAP, INC., a corporation, and OLD NAVY, LLC, a limited liability company, | |
| Defendants. | |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no

entitlement to file confidential information under seal.

2. **DEFINITIONS**

    2.1.    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2.    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3.    <u>Confidential Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c) including but not limited to proprietary business, commercial, competitive, financial, marketing, sales and/or technical information that is not publicly available.

    2.4.    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.5.    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

    2.6.    <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as Confidential.

    2.7.    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as Confidential.

    2.8.    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    2.9.    <u>In-house Counsel</u>: attorneys who are employees of a Party.

    2.10.    <u>Counsel (without qualifier)</u>: Outside Counsel and In-house Counsel (as well as their support staffs).

    2.11.    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

consultant in this action and who is not a past or a current Party employee or a Party's competitor and who, at the time of retention, is not anticipated to become a Party's employee or a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

1  mistaken designation.

2       5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order
3  (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material
4  that qualifies for protection under this Order must be clearly so designated before the material is
5  disclosed or produced.

6      Designation in conformity with this Order requires:

7       (a) <u>for information in documentary form</u> (apart from transcripts of
8  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend
9  "CONFIDENTIAL" on each page that contains protected material. If only a portion or portions of the
10 material on a page qualifies for protection, to the extent practical, the Producing Party also must
11 clearly identify the Confidential portion(s) by making appropriate markings in the margins.

12      A Party or non-party that makes original documents or materials available for
13 inspection need not designate them for protection until after the inspecting Party has indicated which
14 material it would like copied and produced. During the inspection and before the designation, all of
15 the material made available for inspection shall be deemed Confidential. After the inspecting Party has
16 identified the documents it wants copied and produced, the Producing Party must determine which
17 documents, or portions thereof, qualify for protection under this Order, then, before producing the
18 specified documents, the Producing Party must affix the appropriate legend (e.g. "CONFIDENTIAL")
19 on each page that contains Protected Material. If only a portion or portions of the material on a page
20 qualifies for protection, to the extent practical, the Producing Party also must clearly identify the
21 Confidential portion(s) by making appropriate markings in the margins.

22      (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,
23 that the Party or non-party offering or sponsoring the testimony identify on the record, before the close
24 of the deposition, hearing, or other proceeding, all protected testimony, and further specify any
25 portions of the testimony that qualify as Confidential. When it is impractical to identify separately
26 each portion of testimony that is entitled to protection, and when it appears that substantial portions of
27 the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

28

1  testimony may designate the entire transcript as Confidential either before the deposition or
2  proceeding is concluded. The Designating Party then has up to 20 days after receipt of the final
3  transcript to identify the specific portions of to be designated as Confidential. Only those portions of
4  the testimony that are appropriately designated for protection within the 20 days shall be covered by
5  the provisions of this Stipulated Protective Order.

6          (c)    for information produced in some form other than documentary, and for
7  any other tangible items, that the Producing Party affix in a prominent place on the exterior of the
8  container or containers in which the information or item is stored the legend "CONFIDENTIAL." If
9  only portions of the information or item warrant protection, the Producing Party, to the extent
10 practicable, shall specify which portions are Confidential.

11         (d)    Inadvertent Failures to Designate. An inadvertent failure to designate
12 qualified information or items as Confidential does not, standing alone, waive the Designating Party's
13 right to secure protection under this Order for such material. If material is appropriately designated as
14 Confidential after the material was inadvertently produced without designation, the Receiving Party,
15 on notification of the designation, must make reasonable efforts to assure that the material is treated in
16 accordance with the provisions of this Order.

17     6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

18         6.1.    Timing of Challenges. Unless a prompt challenge to a Designating Party's
19 Confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
20 economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its
21 right to challenge a Confidentiality designation by electing not to mount a challenge promptly after the
22 original designation is disclosed.

23         6.2.    Meet and Confer. A Party that elects to challenge a Designating Party's
24 Confidentiality designation must do so in good faith and must begin the process by conferring directly
25 (in voice to voice dialogue; other forms of communication are not sufficient) with Counsel for the
26 Designating Party. In conferring, the challenging Party must explain the basis for its belief that the
27 Confidentiality designation was not proper and must give the Designating Party an opportunity to
28

1  review the designated material, to reconsider the circumstances, and, if no change in designation is
2  offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next
3  stage of the challenge process only if it has engaged in this meet and confer process first.

4        6.3.    <u>Judicial Intervention</u>.  A Party that continues to challenge a Confidentiality designation
5  after considering the justification offered by the Designating Party may file and serve a motion that
6  identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion
7  must be accompanied by a declaration that affirms that the movant has complied with the meet and
8  confer requirements imposed in the preceding paragraph and that sets forth with specificity the
9  justification for the Confidentiality designation provided by the Designating Party in the meet and
10 confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the
11 Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the
12 material in question the level of protection to which it is entitled under the Producing Party's
13 designation.

14       7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

15       7.1.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is
16 disclosed or produced by another Party or by a non-party in connection with this case only for
17 prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be
18 disclosed only to the categories of persons and under the conditions described in this Order.  When the
19 litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below
20 (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a
21 location and in a secure manner that ensures that access is limited to the persons authorized under this
22 Order.

23       7.2.    <u>Disclosure of Confidential Information or Items</u>.  Unless otherwise ordered by
24 the court or permitted in writing by the Designating Party, a Receiving Party may disclose any
25 information or item designated Confidential only to:

26       (a)    the Receiving Party's Outside Counsel of record in this action, as well as
27 employees of said Counsel to whom it is reasonably necessary to disclose the information for this

28

litigation;

    (b)    the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    (d)    the Court and its personnel;

    (e)    court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation;

    (f)    during their depositions, non-party witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (g)    the author of the document or the original source of the information.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential, the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

-7-
Case No. C 07-2280 (CRB)
STIPULATED PROTECTIVE ORDER

DM_US:20559683_1

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party shall promptly (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where

1  appropriate) all the Protected Material that was returned or destroyed and that affirms that the
2  Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of
3  reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are
4  entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,
5  correspondence or attorney work product, even if such materials contain Protected Material.  Any such
6  archival copies that contain or constitute Protected Material remain subject to this Protective Order as
7  set forth in Section 4 (DURATION), above.

8      12.  **MISCELLANEOUS**

9          12.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person
10  to seek its modification by the Court in the future.

11          12.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective
12  Order no Party waives any right it otherwise would have to object to disclosing or producing any
13  information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no
14  Party waives any right to object to the use in evidence of any material covered by this Protective
15  Order.

17      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

19  Dated:  7/11/07

    Robert A. Peterson, Esq.
    384 Forest Avenue, Suite 12
    Laguna Beach, California 92651

    By: _____
        Robert A. Peterson

    Attorney for Plaintiffs PROJECT E, INC.

Dated: July 11, 2007

Howrey, LLP
525 Market Street, Suite 3600
San Francisco, California 94105

By: _/s/ Robert N. Phillips_
     Robert N. Phillips

Attorneys for Defendants THE GAP, INC. and OLD NAVY, LLC

## **ATTESTATION AS TO CONCURRENCE**

I, Robert N. Phillips, under penalty of perjury of the laws of the United States of America, attest that concurrence in the filing of this document has been obtained from the signatory to this document.

_/s/ Robert N. Phillips_
Robert N. Phillips

## **ORDER**

The foregoing is approved and shall be the Order of the Court.

_____
United States District Court Judge

Case No. C 07-2280 (CRB)
STIPULATED PROTECTIVE ORDER

-10-

DM_US:20559683_1

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Project E, Inc. v. The Gap, Inc. and Old Navy, LLC*, Case No. C 07-2280 (CRB).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____