# EXHIBIT F

Robert N. Phillips (SBN 120970)
Lisa S. Buccino (SNB 205266)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
T: (415) 848-4900
F: (415) 848-4999

Attorneys for Defendants
THE GAP, INC. and OLD NAVY, LLC

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT E, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE GAP, INC., a corporation, and OLD NAVY, LLC, a limited liability company,<br><br>Defendants. | Case No. C 07-2280 (CRB)<br><br>**THE GAP, INC.'S OBJECTIONS AND RESPONSES TO PROJECT E, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-10)** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant The Gap, Inc. on behalf of its Gap division ("Gap") hereby objects and responds to Plaintiff Project E's ("Project E") First Set of Interrogatories dated July 12, 2007, as follows. Gap reserves the right to supplement or amend these objections and responses to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

Gap has not completed its discovery, investigation, research, or trial preparation. Gap's responses may therefore depend upon information that has not yet been discovered or analyzed. These responses are based solely on information presently available and specifically known to Gap. These responses are provided without prejudice to Gap's right to produce evidence that Gap may later

Case No. C 07-2280 (CRB)
THE GAP, INC'S RESPONSES TO PROJECT E, INC.'S FIRST SET OF ROGS (NO. 1-10)
HOWREY LLP
DM_US:20577917_1

EXHIBIT F
Page 2

discover. Gap reserves the right to supplement these objections and responses and to revise any and all responses as appropriate, as additional facts are ascertained, analyses are made, legal research is completed, contentions are made, or as a result of the Court's legal determination of issues.

Gap's responses are made without waiving, in any way: (1) the right to object on any basis permitted by law to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this or any other action; and (2) the right to object on any basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of this response.

## **GENERAL OBJECTIONS**

The following general objections apply to, and are incorporated by reference in, each and every response below. Gap's specific objections to any of the interrogatories are not intended to preclude, override, or withdraw any of the general objections.

1. Gap objects to each interrogatory to the extent that it seeks information neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

2. Gap objects to each interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or protection afforded by state or federal law.

3. Gap objects to each interrogatory to the extent that it asks Gap to identify, produce, or otherwise analyze documents, things, and/or other information not within Gap's possession, custody, and/or control after a reasonable search or to the extent that it asks Gap to prepare documents that do not already exist.

4. Gap objects to each interrogatory to the extent that it calls for legal conclusions, presents questions of pure law, or exceeds the permissible number of interrogatories, including all parts and sub-parts.

1 | **INTERROGATORY NO. 1:**

2 | Describe in detail the types of products (e.g. women's sweaters, boy's polo shirts, etc.) you have sold bearing two X's or other product bearing any cross-stitched ornamentation.

4 | **RESPONSE TO INTERROGATORY NO. 1:**

Gap objects to this interrogatory as vague and ambiguous, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, burdensome and oppressive. Subject to and without waiving the foregoing general and specific objections, Gap responds that it has sold the following products that have two decorative x's stitched side by side:

    Summer 2007 SMR Rollup Pant -- Camo (Style No. 473414011)
    Summer 2007 SMR Rollup Pant -- Cargo Khaki (Style No. 473414001)
    Summer 2007 Embellished Rollup Pant – Chocolate Raspberry (Style No. 473425001)

**INTERROGATORY NO. 2:**

State separately for each product described in your answer to Interrogatory No. 1, the number of products, the list price for each product, and the season (e.g. summer, fall, holiday) for each year in which the product was sold.

**RESPONSE TO INTERROGATORY NO. 2:**

Gap objects to this interrogatory as containing improper subparts under FRCP 33(a).

Subject to and without waiving the foregoing general and specific objections, Gap responds that it has sold approximately the following number of products as of the date of this response, subject to ordinary returns, discounts and other adjustments.

<u>Summer 2007 SMR Rollup Pant -- Camo (Style No. 473414011)</u>

    In Store:

REDACTED

Case No. C 07-2280 (CRB)  -3-
THE GAP, INC'S RESPONSES TO PROJECT E,
INC.'S FIRST SET OF ROGS (NO. 1-10)
HOWREY LLP
DM_US:20577917_1
EXHIBIT F
Page 4

1  Online:

REDACTED

Summer 2007 SMR Rollup Pant -- Cargo Khaki (Style No. 473414001)

In Store:

REDACTED

Online:

Units Sold        List Price

REDACTED

Summer 2007 Embellished Rollup Pant – Chocolate Raspberry (Style No. 473425001)

In Store:

Units Sold        List Price

REDACTED

Online:

Units Sold        List Price

REDACTED

Case No. C 07-2280 (CRB)
THE GAP, INC'S RESPONSES TO PROJECT E,
INC.'S FIRST SET OF ROGS (NO. 1-10)
-4-
HOWREY LLP
DM_US:20577917_1
EXHIBIT F
Page 5

1  **INTERROGATORY NO. 3**:

2      State separately for each product described in your answer to Interrogatory No. 1, the landed
3  cost.

4  **RESPONSE TO INTERROGATORY NO. 3**:

5      Gap objects to this interrogatory as vague and ambiguous. Subject to and without waiving the
6  foregoing general and specific objections, Gap responds as follows:

7      <u>Summer 2007 SMR Rollup Pant -- Camo (Style No. 473414011)</u>
8                              REDACTED

9      <u>Summer 2007 SMR Rollup Pant -- Cargo Khaki (Style No. 473414001)</u>
10                             REDACTED

11     <u>Summer 2007 Embellished Rollup Pant – Chocolate Raspberry (Style No. 473425001)</u>
12                             REDACTED

13 **INTERROGATORY NO. 4**:

14      State separately for each product described in your answer to Interrogatory No. 1, any costs in
15 addition to landed costs that you contend should be deducted in determining your profits under the
16 Lanham Act.

17 **RESPONSE TO INTERROGATORY NO. 4**:

18      Gap objects to this interrogatory as vague and ambiguous, premature and calling for
19 information that may become the subject of expert witness analysis and testimony. Subject to and
20 without waiving the foregoing general and specific objections, Gap intends to deduct all costs
21 allowable under the Lanham Act, including but not limited to all costs that contribute to the design,
22 production, distribution, advertising and sale of the allegedly infringing products. Gap will supplement
23 this response at the appropriate time.

24 **INTERROGATORY NO. 5**:

25      State the name, address and telephone number of the person(s) who designed each product.

HOWREY LLP

Case No. C 07-2280 (CRB)
THE GAP, INC'S RESPONSES TO PROJECT E,
INC.'S FIRST SET OF ROGS (NO. 1-10)
DM_US:20577917_1

-5-

EXHIBIT F
Page 6

**RESPONSE TO INTERROGATORY NO. 5:**

Gap objects to this interrogatory as vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, the following individuals were involved with the design of the products identified in Interrogatory Response No. 1: Ingrid Del Valle. Ms. Del Valle may be contacted only through Gap's counsel.

**INTERROGATORY NO. 6:**

State the name, address and telephone number of each person who investigated and/or analyzed whether the use of two X's on products sold by you might infringe the trademark of a third person and describe in detail the investigation and/or analysis.

**RESPONSE TO INTERROGATORY NO. 6:**

Gap objects to this interrogatory as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, burdensome and oppressive, and seeking information protected from disclosure under the attorney client and work product privileges.

**INTERROGATORY NO. 7:**

Did you stop selling product bearing two X's or any other cross-stitched ornamentation after receiving the March 16, 2007 letter from Robert A. Peterson and if not, please state in detail the reasons why you continued to sell the product.

**RESPONSE TO INTERROGATORY NO. 7:**

Gap objects to this interrogatory as containing improper subparts under FRCP 33(a). Gap also objects to this interrogatory as vague and ambiguous, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, burdensome and oppressive, and seeking information protected from disclosure under the attorney client and work product privileges.

**INTERROGATORY NO. 8:**

State whether you have purchased any product produced by Project E.

Case No. C 07-2280 (CRB)
THE GAP, INC'S RESPONSES TO PROJECT E,
INC.'S FIRST SET OF ROGS (NO. 1-10)
-6-
EXHIBIT F
Page 7
DM_US:20577917_1

**RESPONSE TO INTERROGATORY NO. 8:**

Gap objects to this interrogatory as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, and burdensome and oppressive. Subject to and without waiving the foregoing general and specific objections, Gap responds that it is unaware of any persons involved in the design of the products identified in Interrogatory Response No. 1 having purchased clothing produced by Project E.

**INTERROGATORY NO. 9:**

If you have purchased any product produced by Project E, describe each product in detail and state when and where (including store name and address) that it was purchased.

**RESPONSE TO INTERROGATORY NO. 9:**

Not applicable. See response to Interrogatory No. 9.

**INTERROGATORY NO. 10:**

State the name, address and telephone number (and the name, address and telephone number of the attorney therefore) who has accused you of violating their intellectual property rights.

**RESPONSE TO INTERROGATORY NO. 10:**

Gap objects to this interrogatory as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, and burdensome and oppressive.

Dated: August 23, 2007

HOWREY, LLP

By: _____
Robert N. Phillips

Attorney for Defendants THE GAP, INC. and OLD NAVY, LLC



## VERIFICATION

STATE OF CALIFORNIA      )
                                                    ) ss.
COUNTY OF SAN FRANCISCO )

I am the Divisional Merchandising Manager of The Gap, Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing The Gap, Inc.'s Objections and Responses to Project E, Inc.'s First Set of Interrogatories (Nos. 1-10) and know its contents. I am informed and believe that the matters stated therein are true and correct.

Executed on August 21, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Bill Phipps_ (signature)
Bill Phipps

Case No. C 07-2280 (CRB)
THE GAP, INC'S RESPONSES TO PROJECT E, INC.'S FIRST SET OF ROGS (NO. 1-10)

HOWREY LLP

DM_US:20571775_1

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           ) ss.:
COUNTY OF SAN FRANCISCO    )

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 525 Market Street, Suite 3600, San Francisco, California 94105.

On August 23, 2007, I served on the interested parties in said action the within:

**THE GAP INC.'S RESPONSES TO PROJECT E, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-10)**

by placing a true copy thereof in a sealed envelope(s) addressed as stated below.

>       Robert A. Peterson
>       Attorney at Law
>       384 Forest Avenue, Ste. 12
>       Laguna Beach, CA 92651
>       Tel: 949-376-6500
>       Fax: 949-376-6522
>       bob@rpetersonlaw.com

[X] (MAIL) I am readily familiar with this firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in the affidavit.

[X] (FACSIMILE) By transmitting a true copy of said document from a facsimile machine whose telephone number is (415) 848-4999, pursuant to California Rules of Court, Rule 2005. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration. Said fax transmission occurred as stated in the transmission record attached hereto. Said fax transmission was directed as stated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 23, 2007, at San Francisco, California.

_____Stephanie Pearson_____          _____(Signature)_____
    (Type or print name)

Case No. C 07-2280 (CRB)                    -2-
THE GAP, INC'S RESPONSES TO PROJECT E,
INC.'S FIRST SET OF ROGS (NO. 1-10)

HOWREY LLP

DM_US:20571775_1

EXHIBIT F
Page 10