# EXHIBIT K

# ROBERT A. PETERSON
### ATTORNEY AT LAW

384 FOREST AVENUE, SUITE 12
LAGUNA BEACH, CALIFORNIA 92651
TELEPHONE 949-376-6500
FAX 949-376-6522
Email: bob@rpetersonlaw.com

September 13, 2007

BY FAX

Robert N. Phillips
Howrey LLC
525 Market Street, Ste. 3600
San Francisco, CA 94105

Re: Project E – Old Navy

Dear Rob:

This follows our telephone conversation on Monday, September 10, 2006. Set forth below are the interrogatories propounded to Old Navy, the responses and my proposals to resolve our differences. The interrogatories to The Gap are identical.

## INTERROGATORY NO. 1:

Describe in detail the types of products (e.g. women's sweaters, boy's polo shirts, etc.) you have sold bearing two X's or other product bearing any cross-stitched ornamentation.

## RESPONSE TO INTERROGATORY NO. 1:

Old Navy objects to this interrogatory as vague and ambiguous, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, burdensome and oppressive. Subject to and without waiving the foregoing general and specific objections, Old Navy responds that it has sold the following products that have two decorative x's stitched side-by-side or that Product E has alleged infringe its alleged XX trademark:
   Women's Distressed Hoodie Sweater (Style No. 457343021)
   Girls' Stripe Two-in-One Polo (Style No. 398986)
   Girls' Sold Two-in-One Polo (Style No. 398989)

**PROPOSAL RE NO. 1:**

I believe that you stated that your primary objections were that this interrogatory was overly broad in that it sought any product with "cross-stitched ornamentation," was not limited to two side-by-side X's, and could apply to functional stitching.

I agree that it can be limited to any product with one or more embroidered (or otherwise sewn) X used as ornamentation. That would include X's used in labels because we recently discovered a pair of Old Navy shorts with two side-by-side X's in the label. These limitations should eliminate any contention that the interrogatory includes functional stitching.

I will not agree to limit the interrogatory to two side-by-side X's because one X or more than two X's may be confusingly similar especially if other design elements used by my client are present. Furthermore, your clients must have already conducted a search for all garments with X's used as decoration. I cannot imagine that they limited their search for products with two side-by-side X's especially since at least one of the products my client contends is infringing has a single X as a decorative element.

I also agree to limit the time frame to 2005 to date.

**INTERROGATORY NO. 4:**

State separately for each product described in your answer to Interrogatory No. 1, any costs in addition to landed costs that you contend should be deducted in determining your profits under the Lanham Act.

**RESPONSE TO INTERROGATORY NO. 4:**

Old Navy objects to this interrogatory as vague and ambiguous, premature and calling for information that may become the subject of expert witness analysis and testimony. Subject to and without waiving the foregoing general and specific objections, Old Navy intends to deduct all costs allowable under the Lanham Act, including but not limited to all costs that contribute to the design, production, distribution, advertising and sale of the allegedly infringing products. Old Navy will supplement this response at the appropriate time.

**PROPOSAL RE NO. 4:**

This information needs to be provided sufficiently prior to the date we are required to file our arbitration briefs.

**INTERROGATORY NO. 6:**

State the name, address and telephone number of each person who investigated and/or analyzed whether the use of two X's on products sold by you might infringe the trademark of a third person and describe in detail the investigation and/or analysis.

**RESPONSE TO INTERROGATORY NO. 6:**

Old Navy objects to this interrogatory as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, burdensome and oppressive, and seeking information protected from disclosure under the attorney client and work product privileges.

**PROPOSAL RE NO. 6**

This interrogatory seeks information bearing on your clients' good faith and therefore the information should be supplied. Obviously if the person or persons communicated with an attorney you do not have to disclose the actual communication(s).

**INTERROGATORY NO. 7:**

Did you stop selling product bearing two X's or any other cross-stitched ornamentation after receiving the March 16, 2007 letter from Robert A. Peterson and if not, please state in detail the reasons why you continued to sell the product.

**RESPONSE TO INTERROGATORY NO. 7:**

Old Navy objects to this interrogatory as containing improper subparts under FRCP 33(a). Old Navy also objects to this interrogatory as vague and ambiguous, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, burdensome and oppressive, and seeking information protected from disclosure under the attorney client and work product privileges.

**PROPOSAL**

This interrogatory seeks information bearing on your clients' good faith and therefore the information should be supplied. Obviously if the

person or persons communicated with an attorney you do not have to disclose the actual communication(s).

**INTERROGATORY NO. 10:**

State the name, address and telephone number (and the name, address and telephone number of the attorney therefore) who has accused you of violating their intellectual property rights.

**RESPONSE TO INTERROGATORY NO. 10:**

Old Navy objects to this interrogatory as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, and burdensome and oppressive.

**PROPOSAL**

I agree to limit this accusations of copyright or trademark infringement limited to designs, names and logos during the last four years. This information should be readily available to your clients' in-house counsel.

Since we now have less than four weeks to file our arbitration briefs, I request your response by Wednesday, September 19, 2007.

Sincerely,

Robert A. Peterson

cc: Michael Hecht



**ROBERT A. PETERSON**
Attorney at Law
384 Forest Avenue, Suite 12
Laguna Beach, California 92651
Telephone: 949-376-6500
Fax: 949-376-6522
Email: bob@rpetersonlaw.com

---

## Fax Transmittal

(Please call immediately if there is a problem with this transmission)

The information in this fax is confidential. It is intended only for the use of the individuals or entities named below. If you are not the intended recipient, or employee or agent responsible for delivering it to the intended recipient, any use, dissemination, distribution or copying of the information in this fax is strictly prohibited. If you receive this fax in error, please notify us immediately by telephone and return the original by mail. Thank you.

To: Robert N. Phillips
Company: Howrey LLC
Tel: 415-848-4940
Fax: 415-848-4999

From: Robert A. Peterson

Date: September 13, 2007

Pages (incl. cover page): 5

Re: Project E – Old Navy

---

**MESSAGE:** See letter that follows.