# EXHIBIT L

EXHIBIT L
Page 1

# ROBERT A. PETERSON
### ATTORNEY AT LAW

384 FOREST AVENUE, SUITE 12
LAGUNA BEACH, CALIFORNIA 92651
TELEPHONE 949-376-6500
FAX 949-376-6522
Email: bob@rpetersonlaw.com

September 15, 2007

<u>BY FAX</u>

Robert N. Phillips
Howrey LLC
525 Market Street, Ste. 3600
San Francisco, CA 94105

      Re: Project E – Old Navy

Dear Rob:

      This follows our telephone conversation on Monday, September 10, 2006. Set forth below are the requests for production to Old Navy, its written responses and the reasons why certain documents and things should be produced or, in the alternative, why additional information is required in the responses. In addition, I speak directly to the documents actually produced by Old Navy and The Gap in response to Request No. 1.

<u>REQUEST FOR PRODUCTION NO. 1:</u>

      All documents and things used, referred to, reviewed or in any way connected with the creation of the design of any product sold by defendant which has two side-by-side X's or other cross-stitched ornamentation (e.g. drawings, patterns, swatches, color palettes, inspiration or design boards, products, samples, photographs, magazines).

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1:</u>

      Old Navy objects to this request as vague and ambiguous, irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, unduly burdensome and oppressive, and seeking documents protected from disclosure under the attorney client and work product privileges. Subject to and without waiving the foregoing general and specific objections. Old Navy will upon reasonable investigation produce non-privileged documents and things

EXHIBIT L
Page 2

relating to the design of products sold by Old Navy that have two stitched X's side-by-side or have been accused of infringing Project E's alleged XX trademark.

## REASONS FOR PRODUCTION

To date, the defendants have produced very few documents. I will address what has been produced and my comments.

Old Navy has produced:

1. 16 pages directly relating to two sweaters styles (No. 457343-02-1 and No. 457355; pages ON 00001-00017); and

2. a copy of a document titled Spring 2007 Concept Presentation (pages ON00017-00079) which contains numerous digital color photographs of garments. The photographs are blurry and the garments very small and therefore I am unable to adequately identify particular products.

The Gap has produced one digital color photocopy which is also blurry.

Old Navy has inappropriately limited its response to "products sold by Old Navy that have two stitched X's side-by-side or have been accused of infringing Project E's alleged XX trademark."

A responding party must identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. Enough detail should be provided to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources. [Adv. Comm. Note to 2006 Amendment to FRCP 26(b)(2)].

As set forth in my September 13, 2007 letter regarding the defendants' responses to interrogatories, I will not agree to limit the document requests to two side-by-side X's and the products that my client has found because: (a) garments with one X or more than two X's may be confusingly similar especially if other design elements used by my client are present and (b) my client cannot be expected to locate all products made by your clients with ornamental X's especially if those products are no longer being sold at retail. Furthermore, your clients must have already conducted a search for all garments with X's used as decoration. I cannot imagine that they limited their search for products with two side-by-side

EXHIBIT L
Page 3

X's I light of the fact that one of the products that my client contends is infringing has a single X as a decorative element. In addition, it appears that your client may have first used X's as a decorative element in 2006 and therefore the search would be limited to approximately one year.

**REQUEST FOR PRODUCTION NO. 2:**

All documents that refer, relate, pertain to or constitute any past or present policy, procedure, guideline, code, or standard to determine whether any design, design feature, logo or trademark used by or considered to be use [sic] by defendant in any manner infringes the intellectual property rights of another.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Old Navy objects to this request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, unduly burdensome and oppressive, and seeking documents protected from disclosure under the attorney-client and work product privileges.

**REASONS FOR PRODUCTION**

If your objection is based on privilege you have an obligation to produce a privilege log. You also have an obligation to identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. Enough detail should be provided to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources. [Adv. Comm. Note to 2006 Amendment to FRCP 26(b)(2)].

**REQUEST FOR PRODUCTION NO. 3:**

All documents that refer, relate, pertain or constitute any past or present policy, procedure, guideline, code or standard to determine whether any design, design feature, logo or trademark used by or considered to be use [sic] by defendant constitutes an unfair business practice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Old Navy objects to this request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, unduly burdensome and oppressive, and

EXHIBIT L
Page 4

seeking documents protected from disclosure under the attorney-client and work product privileges.

**REASONS FOR PRODUCTION**

If your objection is based on privilege you have an obligation to produce a privilege log. You also have an obligation to identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. Enough detail should be provided to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources. [Adv. Comm. Note to 2006 Amendment to FRCP 26(b)(2)].

**REQUEST FOR PRODUCTION NO. 4:**

All documents that refer, relate, pertain to or constitute the enforcement of any past or present policy, procedure, guideline, code, or standard to determine whether any design, design feature, logo or trademark used by or considered to be use [sic] by defendant in any manner infringes the intellectual property rights of another.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Old Navy objects to this request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, unduly burdensome and oppressive, and seeking documents protected from disclosure under the attorney-client and work product privileges.

**REASONS FOR PRODUCTION**

If your objection is based on privilege you have an obligation to produce a privilege log. You also have an obligation to identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. Enough detail should be provided to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources. [Adv. Comm. Note to 2006 Amendment to FRCP 26(b)(2)].

EXHIBIT L
Page 5

## REQUEST FOR PRODUCTION NO. 5:

All documents and things that refer, relate, pertain to or constitute any investigation, search, or analysis regarding the trademark which is the subject matter of this action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Old Navy objects to this request as seeking documents protected from disclosure under the attorney-client and work product privileges. Subject to and without waiving the foregoing general and specific objections. Old Navy responds that it has no non-privileged responsive documents.

## REASONS FOR PRODUCTION

If your objection is based on privilege you have an obligation to produce a privilege log. You also have an obligation to identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. Enough detail should be provided to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources. [Adv. Comm. Note to 2006 Amendment to FRCP 26(b)(2)].

## REQUEST FOR PRODUCTION NO. 6:

All documents and things that refer, relate, pertain to or constitute any investigation, search or analysis regarding whether the trademark which is the subject matter of this action was or might be infringed.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Old Navy objects to this request as seeking documents protected from disclosure under the attorney-client and work product privileges. Subject to and without waiving the foregoing general and specific objections, Old Navy responds that it has no non-privileged responsive documents.

## REASONS FOR PRODUCTION

If your objection is based on privilege you have an obligation to produce a privilege log. You also have an obligation to identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. Enough detail should be provided to enable the requesting party to evaluate the burdens and costs of

EXHIBIT L
Page 6

providing the discovery and the likelihood of finding responsive information on the identified sources. [Adv. Comm. Note to 2006 Amendment to FRCP 26(b)(2)].

### REQUEST FOR PRODUCTION NO. 7:

All documents and things that refer, relate, pertain to or constitute a claim that defendant violated any third person's intellectual property right(s).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Old Navy objects to this request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, unduly burdensome and oppressive, and seeking documents protected from disclosure under the attorney-client and work product privileges.

### REASONS FOR PRODUCTION

If your objection is based on privilege you have an obligation to produce a privilege log. You also have an obligation to identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. Enough detail should be provided to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources. [Adv. Comm. Note to 2006 Amendment to FRCP 26(b)(2)].

I agree to limit this accusations of copyright or trademark infringement limited to designs, names and logos during the last four years. This information should be readily available to your clients' in-house counsel.

### REQUEST FOR PRODUCTION NO. 8:

All documents that refer, relate, pertain to or constitute a list or description of retail stores, trade shows, or other locations where defendant investigates, shops or otherwise attempts to locate or discover ideas, designs or inspiration for new products and/or designs.

EXHIBIT L
Page 7

### RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Old Navy objects to this request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, and unduly burdensome and oppressive.

### REASONS FOR PRODUCTION

You have not provided any documents. You also have an obligation to identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing. Enough detail should be provided to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources. [Adv. Comm. Note to 2006 Amendment to FRCP 26(b)(2)].

I agree to limit this to 2005 to date.

### REQUEST FOR PRODUCTION NO. 9:

All Project E garments or photographs or images of those garments.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Old Navy objects to this request as overbroad and seeking documents protected from disclosure under the attorney client and work product privileges. Subject to and without waiving the foregoing general and specific objections. Old Navy will upon reasonable investigation of products sold by Old Navy that have two stitched X's side-by-side or have been accused of infringing Project E's alleged XX trademark, produce non-privileged responsive items, if any.

### REASONS FOR PRODUCTION

You have an obligation to produce what is in your clients' possession, custody or control. You have stated that the garments may be inspected in your office. I do not believe that is appropriate under the circumstances. We have a duty to co-operate in light of the upcoming settlement conference.

### REQUEST FOR PRODUCTION NO. 10:

EXHIBIT L
Page 8

All transcripts (including exhibits) of depositions taken in the case of *Rocket Trademarks v. Old Navy*, United State District Court Action No. 04-CV-01314 AHS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Old Navy objects to this request as irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence, and seeking confidential information subject to a protective order in another case.

**REASONS FOR PRODUCTION**

The Element litigation involved almost identical allegations of trademark infringement and unfair competition against Old Navy, i.e. copying a trademark and using it as a decorative element on garments. The Element case was filed in 2004 and settled in February 2006. According to some of the documents produced by Old Navy, two infringing sweaters were being designed in March 2006 which is only two months after the Element case settled. In other words, Old Navy had been sued for trademark infringement involving almost identical circumstances and then did the same thing again. The deposition testimony in that is relevant to, among other things, whether the defendants acted in good faith, whether defendants had policies or procedures relating to copying other designs and trademarks, and whether defendants changed their policy in light of the allegations in the Element action and whether that new policy is being enforced.

I repeat what I have stated in previous correspondence that we have a duty to cooperate and provide discovery expeditiously. Since we now have less than four weeks to file our arbitration briefs, I request your response to this letter by Wednesday, September 19, 2007.

Sincerely,

Robert A. Peterson

cc: Michael Hecht

EXHIBIT L
Page 9



**ROBERT A. PETERSON**
Attorney at Law
384 Forest Avenue, Suite 12
Laguna Beach, California 92651
Telephone: 949-376-6500
Fax: 949-376-6522
Email: bob@rpetersonlaw.com

---

### Fax Transmittal

(Please call immediately if there is a problem with this transmission)

The information in this fax is confidential. It is intended only for the use of the individuals or entities named below. If you are not the intended recipient, or employee or agent responsible for delivering it to the intended recipient, any use, dissemination, distribution or copying of the information in this fax is strictly prohibited. If you receive this fax in error, please notify us immediately by telephone and return the original by mail. Thank you.

To: Robert N. Phillips
Company: Howrey LLC
Tel: 415-848-4940
Fax: 415-848-4999

From: Robert A. Peterson

Date: September 15, 2007

Pages (incl. cover page): 9

Re: Project E – Old Navy

---

**MESSAGE:** See letter that follows.

EXHIBIT L
Page 10