# EXHIBIT V

EXHIBIT V
Page 1

Robert A. Peterson (Bar No. 58008)
384 Forest Avenue, Ste. 12
Laguna Beach, CA 92651
Tel: (949) 376-6500
Fax: (949) 376-6522
Email: bob@rpetersonlaw.com

Attorney for Plaintiff Project E, Inc.

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# NORTHERN DISTRICT

PROJECT E, INC., a corporation,

    Plaintiff,

vs.

THE GAP, INC., a corporation, OLD NAVY, LLC, a limited liability company,

    Defendants.

Case No. C 07-2280 (CRB)

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Plaintiff Project E, Inc. responds to Defendants' First Set of Requests for Production of Documents dated July 12, 2007 as follows:

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show each and every type of good Project E manufactures that bears the XX mark, the date each type of good was first sold in commerce, the average retail selling price and the total annual revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff objects on the ground that the request is burdensome and oppressive to the extent the requested documents have been previously produced. Subject to said objections, plaintiff will comply with the request.

-1-

1  **REQUEST FOR PRODUCTION NO. 2:**
2  Documents sufficient to show the geographic distribution of goods bearing the
3  XX Mark.
4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
5  Plaintiff will comply with the request.
6  **REQUEST FOR PRODUCTION NO. 3:**
7  All documents related to the Project E Trademark Application.
8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**
9  Plaintiff objects to the extent that the request seeks information protected by the
10 attorney-client privilege and/or work product doctrine. Plaintiff objects on the ground
11 that the request is burdensome and oppressive to the extent the requested documents
12 are readily available on-line to defendants. Subject to said objections, plaintiff will
13 comply with the request.
14 **REQUEST FOR PRODUCTION NO. 4:**
15 All documents related to Trademark Trial and Appeal Board Opposition No.
16 91172456.
17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
18 Plaintiff objects to the extent that the request seeks information protected by the
19 attorney-client privilege and/or work product doctrine. Plaintiff objects on the ground
20 that the request is burdensome and oppressive to the extent the requested documents
21 are readily available on-line to defendants. Subject to said objections, plaintiff will
22 comply with the request.
23 **REQUEST FOR PRODUCTION NO. 5:**
24 All documents related to Trademark Trial and Appeal Board Cancellation Action
25 No. 92044217.
26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**
27 Plaintiff objects to the extent that the request seeks information protected by the
28 attorney-client privilege and/or work product doctrine. Plaintiff objects on the ground

that the request is burdensome and oppressive to the extent the requested documents are readily available on-line to defendants. Subject to said objections, plaintiff will comply with the request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents regarding CaseMark, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff objects to the extent that the request seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff objects on the ground that the request is burdensome and oppressive to the extent the requested documents are readily available on-line to defendants. Subject to said objections, plaintiff will comply with the request.

**REQUEST FOR PRODUCTION NO. 7:**

All documents related to U.S. District Court case *Santos v. Hecht*, Case No. 06-0783, including but not limited to all correspondence, depositions and settlement agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff objects to the extent that the request seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff objects on the ground that the request is burdensome and oppressive to the extent the requested documents are readily available on-line to defendants. Plaintiff objects to the extent that the settlement is subject to a confidentiality provision. Subject to said objections, plaintiff will comply with the request.

**REQUEST FOR PRODUCTION NO. 8:**

All documents regarding any opinion requested or obtained by Project E regarding its use or adoption of the XX Mark, Project E's right to use or register the XX Mark, or whether Project E's use or adoption of the XX Mark would or would not infringe the rights of any person or entity.

//

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**
2     Plaintiff objects to the extent that the request seeks information protected by the
3  attorney-client privilege and/or work product doctrine. Subject to said objections,
4  plaintiff will comply with the request.
5  **REQUEST FOR PRODUCTION NO. 9:**
6     All search reports requested by Project E or any person on Project E's behalf
7  regarding the XX Mark.
8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**
9     There are no such documents.
10 **REQUEST FOR PRODUCTION NO. 10:**
11    All documents concerning any third party use of any trademarks or decorative
12 designs that are identical or similar to the XX Mark.
13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**
14    Plaintiff objects to the extent that the request seeks information protected by the
15 attorney-client privilege and/or work product doctrine. Plaintiff objects on the ground
16 that the request is burdensome and oppressive to the extent the requested documents
17 are readily available on-line to defendants. Subject to said objection, plaintiff will comply
18 with the request.
19 **REQUEST FOR PRODUCTION NO. 11:**
20    All documents relating to the conception and design of the XX Mark.
21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**
22    Plaintiff objects to the extent that the request seeks information protected by the
23 attorney-client privilege and/or work product doctrine. Subject to said objection,
24 plaintiff will comply with the request.
25 **REQUEST FOR PRODUCTION NO. 12:**
26    For each item of Defendant's apparel that you contend infringes the XX Mark,
27 documents sufficient to show the date on which Project E first became aware of such
28 item.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:.**

Plaintiff will comply with the request to the extent that such documents exist.

**REQUEST FOR PRODUCTION NO. 13:**

For each item of Defendant's apparel that you contend infringes the XX Mark, documents sufficient to show the circumstances under which Project E first became aware of such item.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff will comply with the request to the extent that such documents exist.

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to any third-party use of X's on apparel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:.**

Plaintiff objects to the extent that the request seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to said objection, plaintiff will comply with the request.

**REQUEST FOR PRODUCTION NO. 15:**

All documents which support your contention that the XX Mark is a "distinctive" trademark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff objects to the extent that the request seeks information protected by the attorney-client privilege or work product doctrine. Subject to said objection, plaintiff will comply with the request.

**REQUEST FOR PRODUCTION NO. 16:**

All documents related to Project E's promotion and marketing of goods bearing the XX Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff objects to the extent that the request seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to said objection, plaintiff will comply with the request.

-5-

1 **REQUEST FOR PRODUCTION NO. 17:**

2 All documents related to consumers' recognition of the XX Mark as a source
3 indicator for Project E.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

5 Plaintiff objects to the extent that the request seeks information protected by the
6 attorney-client privilege and/or work product doctrine. Subject to said objection,
7 plaintiff will comply with the request.

8 **REQUEST FOR PRODUCTION NO. 18:**

9 All documents related to your allegation that "Defendants use of the mark or a
10 substantially similar mark is likely to cause confusion, mistake or deception as to the
11 source or origin of defendants' goods."

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

13 Plaintiff objects to the extent that the request seeks information protected by the
14 attorney-client privilege and/or work product doctrine. Subject to said objection,
15 plaintiff will comply with the request to the extent that such documents exist.

16 **REQUEST FOR PRODUCTION NO. 19:**

17 All documents related to any instances of actual confusion between any goods
18 manufactured by Defendants and Project E.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

20 Plaintiff objects to the extent that the request seeks information protected by the
21 attorney-client privilege and/or work product doctrine. Subject to said objection,
22 plaintiff will comply with the request to the extent that such documents exist.

23 **REQUEST FOR PRODUCTION NO. 20:**

24 All documents supporting your allegation that "defendants began using the mark
25 or a substantially similar mark with knowledge of plaintiff's use of the mark."

26 //
27 //
28 //

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff objects to the extent that the request seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to said objection, plaintiff will comply with the request to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 21:**

All documents supporting your allegation that Project E has been damaged by "Defendants' use of the mark or a substantially similar mark."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff objects to the extent that the request seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to said objection, plaintiff will comply with the request to the extent that such documents exist.

**REQUEST FOR PRODUCTION NO. 22:**

All documents related to any agreement to license the XX Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff objects to the extent that the request seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to said objection, plaintiff will comply with the request.

**REQUEST FOR PRODUCTION NO. 23:**

All documents related to any claim made by any person that the XX Mark is decorative and does not constitute a valid trademark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff objects to the extent that the request seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to said objection, plaintiff will comply with the request.

**REQUEST FOR PRODUCTION NO. 24:**

All documents related to Project E's efforts to enforce the XX Mark.

//
//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:.**

Plaintiff objects to the extent that the request seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to said objection, plaintiff will comply with the request.

**REQUEST FOR PRODUCTION NO. 25:**

A current organizational chart for Project E.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff will produce.

**REQUEST FOR PRODUCTION NO. 26:**

All documents related to any agreement between Project E and any other party or company regarding trademarks consisting of X's.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:.**

Plaintiff objects to the extent that the request seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff objects to the extent that any such document is subject to a confidentiality provision. Subject to said objections, plaintiff will comply with the request.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show Project E's distribution channels for goods bearing the XX Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff will comply with the request.

**REQUEST FOR PRODUCTION NO. 28:**

Samples of all hangtags and labels used for Project E's goods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff will comply with the request to the extend it still has samples.

**REQUEST FOR PRODUCTION NO. 29:**

Documents or photos sufficient to show each variation of the XX Mark that you claim is your trademark.

-8-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

There are no such documents.

**REQUEST FOR PRODUCTION NO. 30:**

Representative physical samples of each category of Project E apparel that bears the XX Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff will comply to the extent it has such physical samples.

**REQUEST FOR PRODUCTION NO. 31:**

Documents or photos sufficient to show each item of Defendants' apparel that you allege infringes the XX Mark or any variation thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff will comply with the request to the extent that they exist.

**REQUEST FOR PRODUCTION NO. 32:**

All catalogs and brochures depicting Project E's apparel regardless of whether the apparel bears the XX Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff objects on the ground that the request is burdensome and oppressive to the extent the requested documents have been previously produced.

**REQUEST FOR PRODUCTION NO. 33:**

All documents related to Project E's advertising of goods bearing the XX Mark including samples of any such advertisement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

There are no such documents.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show Project E's annual advertising expenditures for goods bearing the XX Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

There are no such documents.

1 | **REQUEST FOR PRODUCTION NO. 35:**

2 | All documents related to any surveys or studies conducted by Project E, or
3 | anyone else on Project E's behalf, regarding the XX Mark.
4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:.**
5 | There are no such documents.
6 | **REQUEST FOR PRODUCTION NO. 36:**
7 | All documents related to any internal company guidelines or policies related to
8 | your use of the XX Mark.
9 | **RESPONSE TO REQUEST FOR PRODUCTION NO.36:**
10 | There are no such documents.
11 | **REQUEST FOR PRODUCTION NO. 37:**
12 | All documents regarding Defendants, including but not limited to correspondence
13 | with Defendants, and photographs or samples of Defendants' apparel.
14 | **RESPONSE TO REQUEST FOR PRODUCTION NO.37:**
15 | Plaintiff objects to the extent that the request seeks information protected by the
16 | attorney-client privilege and/or work product doctrine. Subject to said objection,
17 | plaintiff will comply with the request.

18 |
19 | Dated: August 17, 2007
20 | _____
      Robert A. Peterson
      Attorney for Plaintiff

-10-

## PROOF OF SERVICE

I am employed in the County of Orange, State of California; am over the age of 18; and not a party to this action. My business address is 384 Forest Avenue, Ste. 12, Laguna Beach, CA 92651.

On August 17, 2007, I served the foregoing document(s) described as:

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

on the interested parties in this action by placing a true copy in a sealed envelope and addressed as follows:

Robert N. Phillips
Howrey LLC
525 Market Street, Ste. 3600
San Francisco, CA 94105

[ X ] MAIL - by mailing same by first class mail by placing the envelope for collection and mailing with the U.S. Postal Service;

[ ] FAX - by faxing the document(s) listed above to same.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 17, 2007 at Laguna Beach, California.

_____
Robert A. Peterson

-1-

PROOF OF SERVICE

EXHIBIT V
Page 12